In the Matter of THOMAS EDWARD SHEA, an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 23, 1948.

*George G. Hunter, Jr.* of counsel (*Einar Chrystie,* attorney), for petitioner.

*Stewart Maurice* of counsel (*Maurice & McNamee,* attorneys), for respondent.

*Per Curiam.* In a proceeding charging professional misconduct, this is a review of a second trial or hearing before an official referee. In the prior hearing after testimony was ended, the official referee died before preparing or submitting a report. On the ground that the issues were essentially of credibility and the court should have the benefit of a report from a referee who had seen and heard the witnesses, this court referred the matter to another official referee to take proof and render a report with his opinion (*Matter of Shea,* 271 App. Div. 594). After a full hearing *de novo,* producing a voluminous record containing considerable testimony regarding conversations and

statements claimed to have been had or made upwards of ten years ago, the learned referee has rendered a comprehensive and painstaking report in which he finds respondent guilty of professional misconduct in certain of the respects charged.

The charges arose out of condemnation proceedings in 1936, involving, *inter alia,* filling in of the old Mott Haven Canal in Bronx County in connection with building the Triborough Bridge. Owners deprived of access to the canal were permitted to file claims for consequential damages. Respondent represented, among others, two such owners of two separate properties in no way related, no part of whose land or buildings was taken or condemned but who suffered with others claimed consequential damages caused by the filling in of the canal adjacent to their properties. One such claimant was the Stephens Coal Co., another, Francis and M. Tinsley. The charges accuse respondent of having those two clients severally execute documents reciting there were no mortgages on the properties when he knew the contrary, with the result that awards were paid and respondent received contingent fees without notice to the mortgagees; and it was also charged that he was under a duty to ascertain whether there were mortgages on the properties regardless of information received from his clients.

Respondent testified that prior to the proceedings in question he had never been in a condemnation proceeding in which no part of the land or buildings was taken but only consequential damages were involved; and that at the times in issue he was and remained firmly of the legal opinion that a mortgage on land and buildings, no part of which was taken in condemnation, did not attach to an award for consequential damages from closing an adjacent canal as the mortgages were unaffected by mere extinguishment of an easement; and accordingly that the questions regarding the mortgages had for him at the time no significance since he regarded the mortgages as immaterial and not involved. The Referee refused to find that respondent's opinion " about the irrelevance of the mortgages was not honestly, though mistakenly, held." He said: " The charges do not expressly accuse the respondent of an intent to deprive the mortgagees of notice and of their rights to any award that might be ultimately given. The respondent says that in good faith he entertained the opinion that the mortgages were immaterial because there was no physical taking of the property and that it was unnecessary to mention mortgages under those circumstances. He persistently held to this opinion through all the stages of the proceeding."

The Referee pointed out that respondent's adherence to this opinion at the times in question was corroborated by testimony of representatives of the Stephens Co. and by respondents' contemporaneous letter written in 1937; and held that these facts tended to corroborate respondent's claim " that reliance on this theory explains the manner in which he handled these claims and at least proves that this opinion was not an afterthought resorted to when his conduct was called in question."

The Referee found that respondent should have known there was a mortgage on the Tinsley property and did know there were mortgages on the Stephens property, and that he permitted these clients to execute affidavits and releases stating that no mortgage existed on their respective properties; and by failing to set forth the mortgages, in permitting the Tinsleys to sign the affidavit of title in the form submitted, and in inducing by his advice the officers of the Stephens Company to sign a similar affidavit of title and subsequent papers, he was negligent in his duty of inquiry and search both as to the facts and the law, and handled these claims with laxity and looseness of practice; he concluded that in " this respect " the charges were sustained.

The Referee also held that respondent's clients were not guilty of perjury in filing the papers in question nor respondent of subornation of perjury, and expressly refused to find that respondent testified falsely at the hearings before him concerning his knowledge of the Stephens' mortgages.

These charges relate to matters occurring more than ten years ago, and were apparently largely the result of an opinion honestly, even though mistakenly, held. The investigations arising out of the charges made have been pending for many years. The protracted pendency of the proceedings, the publication and humiliation connected therewith have been in themselves a severe form of punishment. The record supports the Referee's findings. But in view of the limited respect in which the Referee has found the charges sustained, the above noted surrounding facts and circumstances, and respondent's freedom from any other charges of professional misconduct in upwards of twenty years of practice, we limit the punishment imposed for the professional misconduct found to a suspension for three months with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

PECK, P. J., GLENNON, DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Respondent suspended for three months.